# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-20443
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE LUIS RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:89-CR-229-3

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Luis Rodriguez, former federal prisoner # 00582-424, challenges the district court's transfer and denial of his "original" complaint filed pursuant to FED. R. CIV. P. 60(b)(4) and (5). Rodriguez filed his complaint in the Brownsville Division of the Southern District of Texas arguing that the judgment in Case No. "B-89-197" was void. He asserted that property taken from a safety deposit box at the San Benito Bank and Trust Company was improperly seized and retained

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by the Government for 18 years. Rodriguez requested compensation for the loss of his property.

The district court in Brownsville granted the Government's motion to transfer Rodriguez's complaint to Houston because that is where Rodriguez's criminal case occurred, specifically Case No. H-89-cr-00229-03, and where Rodriguez previously sought return of the property at issue here. Rodriguez's prior motion for the return of property was denied as untimely. The district court in Houston treated Rodriguez's instant action as a subsequent motion for the return of property and denied it.

On appeal, Rodriguez asserts for the first time that the Government failed to properly serve him with a copy of its motion to dismiss or alternatively transfer his complaint. He asserts that his due process rights were violated because he was not allowed an opportunity to respond to the Government's motion prior to the district court transferring his case. Rodriguez further asserts that the district court's decision transferring his case to the Houston division should be reversed because the Government failed to show "good cause" for the transfer.

It is unclear from the record whether Rodriguez received service of the Government's motion to dismiss. However, what is clear is that on June 2, 2008, Rodriguez was hand delivered a copy of the district court's order granting the Government's motion to dismiss and its transfer order. Rodriguez did not file any response or objection to the district court's transfer order prior to the denial of his action on June 25, 2008. Rodriguez does not explain on appeal what arguments he would have presented in opposition to the Government's motion to dismiss. Additionally, other than the conclusory assertion that there was "no good cause" for the transfer, Rodriguez has failed to explain why the transfer was erroneous. Thus, he has failed to show any due process violation. *See United States v. Jimenez*, 256 F.3d 330, 345 (5th Cir. 2001).

Although not altogether clear, if Rodriguez's brief is liberally construed, he may be arguing that his "original" complaint in the district court should have been treated as an independent action in equity. Even so, he has not shown that he is entitled to relief on appeal. The record reflects that Rodriguez had an adequate remedy at law concerning the property in question pursuant to FED. R. CRIM. P. 41(g). Because Rodriguez is essentially attempting to relitigate the same issues he presented in his Rule 41(g) motion that was previously denied, the district court did not abuse its discretion in denying the instant complaint. *See Bankers Mortgage Co. v. United States*, 423 F.2d at 73, 79 (5th Cir. 1990). Accordingly, the judgment of the district court is AFFIRMED.